UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 21-152** |
| **SIDNEY SMITH** | **SECTION I** |

## ORDER & REASONS

Before the Court is defendant Sidney Smith's ("Smith") motion[1] for compassionate release or reconsideration of his sentence. The government opposes[2] the motion. For the reasons below, the Court denies the motion.

### I. BACKGROUND

On November 29, 2021, Smith pleaded guilty to one count of conspiracy to commit vote buying in violation of 52 U.S.C. § 10307(c). On November 30, 2022, the Court sentenced Smith to four months imprisonment. The sentence imposed was below the applicable guideline range.

The Court originally ordered Smith to surrender to the custody of the Bureau of Prisons ("BOP") on January 15, 2023.[3] On Smith's motion, the Court later extended his surrender date to February 24, 2023.[4] Smith is not yet in custody. Smith now requests "a sentence reduction under the First Step Act for compassionate release in light of [his] extraordinary health concerns."[5] In his reply in support of his motion,

---

[1] R. Doc. No. 54.
[2] R. Doc. No. 57.
[3] R. Doc. No. 49.
[4] R. Doc. No. 53.
[5] R. Doc. No. 54.

Smith also asserts that modification of his sentence is appropriate pursuant to 18 U.S.C. § 3582(c)(1)(B).[6]

## II. LAW & ANALYSIS

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)) (alterations in *Dillon*). Those limited circumstances are set forth in 18 U.S.C. § 3582(b), which provides that a sentence may be "modified pursuant to the provisions of [18 U.S.C. § 3582(c)]," "corrected pursuant to the provisions of [R]ule 35 of the Federal Rules of Criminal Procedure and [18 U.S.C. § 3742]," or "appealed and modified, if outside the guideline range, pursuant to the provisions of [18 U.S.C. § 3742]."

### a. Sentence Reduction Pursuant to § 3582(c)(1)(A)(i)

In his motion, Smith relies on the sentence reduction provisions in 18 U.S.C. § 3582(c)(1)(A)(i).[7] The First Step Act amended this subsection to allow defendants to file motions seeking a reduction in sentence, or "compassionate release," when previously only the Director of the BOP could file such motions. *United States v. Anderson*, No. 21-10738, 2022 WL 2072864, at *2 (5th Cir. June 9, 2022). Before a Court may consider a defendant's motion pursuant to this provision, however, the defendant must demonstrate that he has exhausted administrative remedies. *United*

---

[6] R. Doc. No. 60, at 1.
[7] R. Doc. No. 54-1, at 2.

2

*States v. Foster*, No. 16-192, 2023 WL 111944, at *1 (E.D. La. Jan. 5, 2023) (Africk, J.). To make this showing, the defendant must establish that he has either "fully exhaust[ed] his administrative rights to appeal the BOP's failure to bring such a motion on his behalf or" that 30 days have lapsed "after the warden's receipt of his request." *Anderson*, 2022 WL 2072864, at *2. The exhaustion requirement is a "mandatory claim-processing rule," and must be enforced if invoked by the government. *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020).

As the government points out, Smith cannot demonstrate that he has exhausted his administrative remedies, because those remedies are only available to individuals already incarcerated in a BOP facility.[8] His request pursuant to § 3582(c)(1)(A)(i) must therefore be denied. *Id.* The Court does not reach Smith's arguments as to whether extraordinary and compelling reasons justifying a sentence reduction exist.

b. **Modification of Sentence Pursuant to § 3582(c)(1)(B) and Rule 35(a)**

Smith also asserts that modification of his sentence is appropriate pursuant to § 3582(c)(1)(B), which provides that the court may modify a sentence consistent with the provisions of Rule 35. Rule 35(a)[9] provides, in turn, that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical,

---

[8] R. Doc. No. 57, at 3. Indeed, Smith's motion does not mention the exhaustion requirement, and provides no authority for the proposition that § 3592(c) provides an avenue to sentence reduction by a defendant who is not yet in custody.

[9] Rule 35(b) provides that the government may make a motion for sentence reduction if the defendant provides substantial assistance in prosecuting another person after sentencing. The government has not made such a motion here, so that provision is not relevant.

technical, or other clear error." Smith argues that two "clear errors" affected his sentence: first, that the Court "was not provided with a clear and accurate understanding of Mr. Smith's actual medical condition in the pre-sentence report," and second, that, after Smith's sentencing, a defendant in a related case before another section of this Court was sentenced to three years of probation rather than incarceration.[10]

This argument fails for several reasons. First, Rule 35(a) provides for modification of a sentence "[w]ithin 14 days" of its imposition. Smith's motion was made nearly two months after his sentencing hearing.[11]

Second, Rule 35(a) "'is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence.'" *United States v. Hankton*, 875 F.3d 786, 790 (5th Cir. 2017) (quoting *United States v. Lopez*, 26 F.3d 512, 519–20 (5th Cir. 1994) (per curiam)); *accord United States v. Garcia*, 755 F. App'x 391, 395 (5th Cir. 2018) (holding that district court's "doubts as to the severity of the otherwise reasonable sentence and belie[f] that it did not properly account for Garcia's acceptance of responsibility" did not provide grounds for timely sentence modification pursuant to Rule 35(a)). Smith's substantive bases for his motion—his medical conditions and alleged sentencing disparity with another defendant—are clear invitations to this Court to reconsider its application of the

---

[10] R. Doc. No. 60, at 2–3.
[11] R. Doc. No. 50 (judgment dated November 30, 2022); R. Doc. No. 54 (instant motion, filed January 27, 2023).

sentencing considerations set forth in 18 U.S.C. § 3553 and the Sentencing Guidelines. *See* 18 U.S.C. § 3553(a)(2)(D) (medical care), § 3553(a)(6) (sentencing disparities).

The Court recognizes that the defendant referenced by Smith was sentenced after Smith himself,[12] and that the Court therefore could not have taken that defendant's sentencing into account in considering unwarranted sentencing disparities. However, as the government points out, Smith's sentence is also well below that received by other individuals involved in the same scheme.[13]

Finally, the Court notes that the presentence report discussed Smith's health considerations in detail. The instant motion provides additional detail and diagnoses,[14] but the Court was well aware of Smith's significant medical concerns at the time of sentencing. The Court notes that the additional medical records provided in connection with the instant motion appear to be obtained from a medical professional who also provided medical records for Smith's presentence report.[15]

---

[12] E.D. La. Case No. 21-150, *United States v. Batiste*, R. Doc. No. 54 (judgment sentencing defendant to three years probation entered January 10, 2023) (Guidry, J.).

[13] E.D. La. Case No. 21-153, *United States v. Trabona, et al.*, R. Doc. Nos. 142, 145 (judgments sentencing defendants to one year imprisonment entered November 29, 2022) (Guidry, J.).

[14] R. Doc. No. 60, at 2 (Smith's reply, noting that the Court was aware prior to sentencing that "Smith had been diagnosed with hypertension, gout, prostate cancer, congestive heart failure, and diabetes" but the instant motion provides new information regarding "a history of strokes; chronic renal insufficiency; history of sever urinary tract sepsis; and radiation cystitis, as well as severe osteoarthritis").

[15] *See* R. Doc. No. 37, ¶ 50 (presentence report mentioning records from Dr. Sharon Werner), R. Doc. No. 54-1, at 2; R. Doc. No. 54-3 (letter from Dr. Sharon Werner attached to the instant motion).

Smith did not file any objections to the draft presentence report before sentencing, and Smith does not explain why these additional diagnoses were disclosed only after the presentence report was finalized and sentencing was held.

In sum, Smith's motion provides no legal basis for the requested relief, and it must therefore be denied.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Smith's motion for compassionate release or reconsideration of his sentence is **DENIED**.

New Orleans, Louisiana, February 16, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**